IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLIFFORD BARTLETT,          :
                                    :
          Petitioner                :
                                    :
     v.                             :          CIVIL NO. 3:CV-14-845
                                    :
JOHN KERESTES, ET AL.,              :          (Judge Conaboy)
                                    :
          Respondents               :

---

## MEMORANDUM
## Background

William Clifford Bartlett (Petitioner), an inmate presently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCI-Mahanoy), filed the above captioned habeas corpus action pursuant to 28 U.S.C. § 2254. A second habeas corpus action by Petitioner, Bartlett v. Kerestes, et al., Civil No. 3:CV-14-859, was subsequently consolidated into this matter pursuant to Federal Rule of Civil Procedure 42(a). Warden Kerestes of SCI-Mahanoy was previously deemed the sole respondent in this matter.

Petitioner was originally sentenced to serve a life sentence for a 1971 homicide conviction. Following a 1985 jury trial in the Huntingdon County, Pennsylvania Court of Common Pleas he was convicted of assault by a life prisoner and aggravated assault. The charges stemmed from an assault on two state correctional officers during which one of the victims suffered a fractured skull. Following this latest conviction, Bartlett was sentenced to an aggregate term of life imprisonment to run consecutive to the

1

term of life imprisonment which he was already serving.

Both of the consolidated petitions similarly challenge the legality of Bartlett's 1985 conviction and the petitions themselves appear to be almost exact copies of one another

Petitioner previously filed a § 2254 action with this Court, Bartlett v. Kerestes, Civil No. 3:CV-09-430.  See id. at ¶ 11.  His earlier petition raised ten (10) arguments for relief.  By Memorandum and Order dated July 20, 2009, Seven (7) of those claims were dismissed for failure to exhaust state court remedies.  The remaining three (3) claims were addressed on their merits and denied.

Petitioner then returned to state court and filed a second PCRA action.  Following appointment of counsel, submission of an amended PCRA petition and an evidentiary hearing, the second PCRA action was denied on August 26, 2013.  The denial of PCRA relief was affirmed by the Superior Court on the basis that the second PCRA petition was untimely filed.

The pending consolidated petitions seeks relief with respect to the same habeas corpus arguments which were previously presented before this Court and found to be unexhausted and which were thereafter found to be  untimely raised in the second PCRA petition.

Respondent has filed a partial answer to the petition which asserts in part that since Bartlett's prior § 2254 action was ruled upon by this Court this action should be dismissed as a second or

successive unauthorized habeas corpus petition.  The Respondent
also raises additional arguments for dismissal, namely that his
matter is untimely and that the claims for relief have been
procedurally defaulted.  See id. at ¶¶ 26-28.

## Discussion

### Second or Successive

The Respondent initially contends that his matter is subject
to dismiss because Bartlett has not obtained authorization from the
Third Circuit Court of Appeals for leave to file a second or
successive petition.  See Doc. 15-1, p. 6.

Bartlett initiated a prior habeas corpus action with this
Court.  Review of Petitioner's previously denied federal habeas
petition establishes that it challenged the same conviction which
is the subject of the pending consolidated petitions.

A preliminary Order issued by this Court in Bartlett's initial
habeas proceeding clearly advised him that he could have his
petition ruled upon as filed but in so doing would lose his ability
to file a second or successive petition absent certification by the
Court of Appeals.  Bartlett thereafter elected in writing to
proceed with his action as filed.

As previously discussed, the initial § 2254 petition filed by
Bartlett contained both exhausted and unexhausted claims.  While
three exhausted claims were addressed on their merits and denied,
multiple unexhausted arguments were dismissed on that basis alone.
The United States Court of Appeals denied Petitioner's request for

a certificate of appealability on September 11, 2009.

28 U.S.C.§ 2244(a) and Rule 9(b)[1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention including § 2241 petitions which challenge the execution of a federal sentence).

The Supreme Court in McCleskey vs. Zant, 499 U.S. 467, 483 (1991) expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

The pending consolidated habeas petitions are second or successive because they challenge the legality of "the same custody imposed by the same judgment of a state court." Burton v. Stewart,

---

[1] Rule 9(b) of the Habeas Corpus Rules provides:
A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

549 U.S. 147, 153 (2007).  Although the pending matter asserts arguments which were previously dismiss as being unexhausted, Bartlett must still seek authorization from the Court of Appeals for leave to file a second or successive petition.

In <u>Burton</u>, the Supreme Court noted that inmates who file mixed habeas petitions in federal district court have two options. First, they may withdraw the action, return to state court to exhaust the unexhausted claims and then return to federal court with a fully exhausted petition, which is not deemed to be a second or successive petition.  See <u>id</u>. at 154.  Alternatively, they may proceed with only the exhausted claims but risk subjecting later petition to rigorous procedural obstacles.  See <u>id</u>.  The Court added that a habeas applicant such as Bartlett who proceeds with the later option is subject to the second or successive provisions of § 2244.

As discussed in <u>Jones v. Coleman</u>, Civ. No. 10-7429, *3 2011 WL 6955712 *(E.D. Pa. Nov. 30, 2011) when a petitioner has previously filed a habeas petition "upon which he obtained some merits review" any subsequent federal habeas corpus filing is a second or successive one for which he or she must first obtain authorization from the Court of Appeals.

As was the situation in <u>Jones</u>, since Bartlett obtained some merits review of his initially filed habeas corpus petition, his pending consolidated petitions are second or successive.  There is no indication that Petitioner has been granted leave to file a

5

second or successive habeas corpus petition by the United States
Court of Appeals for the Third Circuit.  Consequently, under the
standards announced in McCleskey and the requirements set forth in
§ 2244(a), Bartlett's pending case is a second or successive
petition which cannot be entertained by this Court.

## Procedural Default

Respondent alternatively argues that Bartlett's claims are
procedurally defaulted and should not be entertained on that basis.
See Doc. 15-1, p. 10.

The United States Court of Appeals for the Third Circuit has
stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall
not be deemed to have exhausted the remedies available in the
courts of the State ... if he has the right under the law of the
State to raise, by any available procedure, the question
presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).
"A state prisoner is generally barred from obtaining federal habeas
relief unless the prisoner has properly presented his or her claims
through one 'complete round of the State's established appellate
review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006)
(internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838,
844-45 (1999)(while exhaustion does not require state prisoners to
invoke extraordinary remedies, the state courts must be afforded
one full opportunity to resolve any constitutional issues via
completion of the State's established appellate review process).
The United States Supreme Court in O'Sullivan explained, that state

prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v.

<u>Larkins</u>, 208 F.3d 153, 160 (3d Cir. 2000); <u>Toulson v. Beyer</u>, 987
F.2d 984, 987-88 (3d Cir. 1993).  Such a claim is procedurally
defaulted, not unexhausted.  A federal habeas court cannot review a
procedurally defaulted claim, "if the decision of [the state] court
rests on a state law ground that is independent of the federal
question and adequate to support the judgment."  <u>Beard v. Kindle</u>,
558 U.S. 53, 55 (2009).  Procedural default can only be excused if
a petitioner can show "cause" and "prejudice" or that a
"fundamental miscarriage of justice" would result.  <u>Edwards v.
Carpenter</u>, 529 U.S. 446, 451 (2000).

     As noted earlier, the claims presently raised before this
Court were included in Bartlett's prior unsuccessful habeas
petition.  The United States Court of Appeals in denying
Petitioner's request for a certificate of appealability with
respect to the denial of his initial federal habeas action on
September 11, 2009, noted that "[m]ost of Appellant's claims are
unexhausted and procedurally defaulted.  Appellant has not
demonstrated cause and prejudice or a fundamental miscarriage of
justice to excuse the default."

     Based upon the reasoning set forth by the Court of Appeals
September 11, 2009 decision, the fact that Petitioner's subsequent
second PCRA action was determined to be untimely by the Superior
Court, and the failure of Petitioner's latest action to demonstrate
cause and prejudice or that a fundamental miscarriage of justice
would occur if this matter were not to be addressed on the merits,

8

it is apparent that the Respondent's request for dismissal on the basis of procedural default is likewise meritorious.   An appropriate Order will enter.[2]

_____
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 14, 2015

FILED
SCRANTON

DEC 1 4 2015

PER _____
DEPUTY CLERK

_____

[2]   It also appears that the Respondent's third argument that this matter is subject to dismissal as being untimely under the one year limitations period established by 28 U.S.C. § 2244(d) likewise has merit.